**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VIAHART LLC., | |
| **Plaintiff,** | Case No. 1:19-CV-08181 |
| vs. | |
| THE PARTERNSHIPS and UNICORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| **Defendants.** | |

**MOVING DEFENDANT'S OMNIBUS MOTION TO DISMISS THE
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant liyunshop ("Moving Defendant") pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5) respectfully seeks dismissal of the Complaint [ECF 1] with prejudice, and in support states:

**INTRODUCTION**

Dismissal is proper for two main reasons. First, Plaintiff has failed to show that Personal Jurisdiction exists in the State of Illinois. Moving Defendant has only sold a single Brain Flakes toy in the United States, and it was in Bethesda, Maryland. To the extent personal jurisdiction exists anywhere in the United States, it would be in the United States District Court, District of Maryland Southern Division. There are no contacts whatsoever with the Northern District of Illinois. Second, Moving Defendant has not been properly served as required by applicable law, and even assuming that the means of service was proper, which it is not, the process itself is fatally deficient.

**ARGUMENT**

**I.    THE COURT HAS NO PERSONAL JURISDICTION OVER DEFENDANT.**

Given that neither the Lanham Act nor the Copyright Act authorizes nationwide service of process, personal jurisdiction is governed by the law of Illinois. *See Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) ("The Lanham Act does not authorize nationwide service of process. A plaintiff therefore must secure personal jurisdiction under state law."); *see also Tamburo*, 601 F.3d at 700 ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state."). The Illinois long-arm statute allows courts to "exercise jurisdiction on any basis ... permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because there is "no operative difference between" the constitutional limits of the Illinois Constitution and the United States Constitution in terms of personal jurisdiction, the proper inquiry is whether this Court's exercise of personal jurisdiction over Defendants complies with the limits imposed by the Fourteenth Amendment's Due Process Clause. *Curry, LLC,* 949 F.3d at 393 (*quoting Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.,* 623 F.3d 440, 443 (7th Cir. 2010)). The Due Process Clause limitations "protect an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " Id. (*quoting Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72 (1985)). Personal jurisdiction exists wherever the defendant has deliberately established contacts with the forum state, "or in other words, he must purposefully avail himself of the forum state 'such that he should reasonably anticipate being haled into court there.' " *Philos Techs, Inc. v. Philos & D, Inc.,* 802 F.3d 905, 923 (7th Cir. 2015) (quoting Burger King, 471 U.S. at 474–75). "It is the defendant—not the plaintiff ... that must create the contacts in the forum state...." *Id.* (*citing Walden v. Fiore,* 571 U.S. 277, 284 (2014)). Personal jurisdiction does not exist where the defendant's contacts with the forum state

are merely " 'random, fortuitous, or attenuated.' " *Walden*, 571 U.S. at 286 (*quoting Burger King*, 471 U.S. at 475).

Personal jurisdiction may be general or specific. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1024 (2021); *see also Mobile Anesthesiologists*, 623 F.3d at 444. General personal jurisdiction is only proper "in the limited number of fora in which the defendant can be said to be 'at home.' " *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (*citing Tamburo*, 601 F.3d at 702).

## A. GENERAL JURISDICTION

General jurisdiction is "all-purpose;" it exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp v. Ski Enter. Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697–698 (7th Cir. 2015) (*citing Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). These contacts need not be related to the suit. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). However, the contacts must be sufficiently "extensive and pervasive to approximate physical presence"; "sporadic" or "isolated" contacts are insufficient to establish general jurisdiction. *Tamburo,* 601 F.3d at 701. Because general jurisdiction may exist even when the defendant's conduct is entirely unrelated to the forum state, "it should not lightly be found." *Kipp*, 783 F.3d at 698.

Plaintiff fails to meet this high standard. An out-of-state defendant may not be subject to all-purpose jurisdiction, even if he directs marketing and advertisements to that forum state. *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010) (finding that placing billboards and advertisement in Illinois was insufficient to meet general jurisdiction). Here, the Defendant is an out-of-state business because the Defendant is neither incorporated in nor has a principal place of business in Illinois *Liyun Declaration* ¶11-14.  The complete lack of limited

and sporadic contacts between Defendant and Illinois are not "sufficiently extensive and pervasive to approximate physical presence." *Tamburo*, 601 F.3d at 701 (maintaining a public website accessible by Illinois residents is not enough to find general jurisdiction over the defendant). Defendant's contacts with Illinois are insufficient to render the Defendant "at home," and therefore general jurisdiction is absent.

B. <u>SPECIFIC JURISDICTION</u>

Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state. *Walden*, 571 U.S. at 284. Such conduct is sufficient to establish specific jurisdiction based upon the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Id*. at 284–85. There is a broader standard for specific jurisdiction that is limited by Due Process concerns from being "based on contacts with the forum that are random, fortuitous, or attenuated." *Id*. (*citing Burger King*, 471 U.S. at 475). There are three "essential requirements" for a court to exercise specific jurisdiction over an out-of-state defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state, (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Curry*, 949 F.3d at 398 (*quoting Lexington Ins. Co. v. Hotai Ins. Co., Ltd.,* 938 F.3d 874, 878 (7th Cir. 2019)); *see also Tamburo*, 601 F.3d at 702.

*(1) There is no Purposeful Direction*

Plaintiff must show that the Defendant purposefully directed contact with the state of Illinois. A defendant's activities may be purposefully directed at the forum state even in the "absence of physical contacts" with the forum. *Curry*, 949 F.3d at 398 (*quoting Burger King*, 471 U.S. at 476). Evidence that the defendant directed its activities toward the forum state in a non-random fashion may demonstrate that the defendant purposefully availed itself of the benefits of conducting business there. *See id*. at 399. An example of a purposefully directed

4

activity is a defendant causing its product to be distributed in the forum state. *Id*. The purposeful direction requirement prevents out-of-state defendants from being "bound to appear ... for merely 'random, fortuitous, or attenuated contacts.' " *Id*. at 398 (citations omitted).

The Plaintiff cannot possibly meet this burden. No accused products were ever sold in Illinois *Liyun Declaration* ¶10. Plaintiff's strongest argument is that the products were on amazon and Illinois residents were able to purchase accused products and have them shipped to Illinois. However, this hypothetical never occurred.

Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from Amazon Stores. Moreover, finding jurisdiction here would mean that Defendant would need to appear "for merely random, fortuitous, or attenuated contacts," which would be against the principle of personal jurisdiction. *See Curry*, 949 F. 3d at 398.

Consequently, Plaintiff has not demonstrated that the Amazon Stores purposefully directed their activities at the state of Illinois, which precludes the Court from asserting personal jurisdiction over the Defendant.

*(2) The Plaintiff's Alleged Injury Has Not Occurred in Illinois and Has Not Arisen Out of the Defendant's Forum-Related Activities.*

As discussed above, the Plaintiff's alleged injury could not have occurred in Illinois as there are not any contacts to the state of Illinois whatsoever. *Liyun Declaration* ¶10-14 Given that the Defendants have not had any Forum-Related activities, these non-existent contacts cannot be a basis "giving rise to" the alleged injury.

*(3) Fair Play and Substantial Justice Make an Exercise of Jurisdiction Unreasonable*

Because Plaintiff fails to allege two of the three essential requirements for specific jurisdiction, his claim must fail. *Curry v. Revolution Laboratories*, 949 F.3d at 398 (*quoting Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019)). The Court only briefly mentions the final requirement of the specific personal jurisdiction analysis, that the

exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Curry*, 949 F.3d at 395 (*quoting Int'l Shoe*, 326 U.S. at 316). In making this determination, courts consider: 1) the burden on the defendant, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the interstate judicial system's interest in obtaining efficient resolution of the dispute, and 5) the shared interest of the states in furthering fundamental social policies. Id. (*quoting Purdue Research*, 338 F.3d at 781). These factors carry more weight when a defendant's forum-related contacts are relatively weak. *Id*. When a plaintiff presents an adequate showing of minimum contacts, "that showing is generally defeated only where the defendant" demonstrates that exercise of jurisdiction would be unreasonable due to other considerations. *Id.* (citing Burger King, 471 U.S. at 477).

The *Purdue Research* factors, along with Plaintiff's failure to show minimum contacts, indicate that finding jurisdiction here in Illinois would offend traditional notions of fair play and substantial justice. Requiring Defendant to litigate in a forum where it has zero contact, beside Plaintiff's lawsuit, would impose a tremendous burden on Defendant, particularly since Defendant is based in China. While Plaintiff claims products can be shipped into Illinois, it has not shown that the eBay Stores specifically targeted any Illinois consumer, which weakens Illinois's interest in adjudicating this dispute.

## II. DEFENDANT WAS IMPROPERLY SERVED WITH DEFICIENT PROCESS

The Lanham Act does not authorize nationwide, much less worldwide service of process. *Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated AssociationsIdentified on Schedule A*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016). "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Plaintiff acknowledges, as they must, that Moving Defendant is a non-U.S. entity that "reside[s]

in the People's Republic of China[.]" Compl. [ECF 1] at ¶ 15. Here, Plaintiff's method of service fails to comply with FED. R. CIV. P. 4(f)(3), because it is prohibited by international agreement.

Both the United States and China are signatories to the Convention on the Service abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). The Hague Convention has the force of federal law, and limits available methods of service under FED. R. CIV. P. 4(f)(3). *Water Splash Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) ("The Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies.")(quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (noting that "compliance with the Convention is mandatory in all cases to which it applies.")); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Ackermann v. Levine*, 788 F.2d 830, 838 (2nd Cir. 1986). The Hague Convention applies where, as here, both the origination and destination states of the documents at issue are contracting states to the Convention.

The Hague Convention permits service only by the following means: via a central authority (Articles 2-7), diplomatic and consular agents (Articles 8-9), mail or through a judicial official of the State of destination if the destination State does not object (Article 10), methods allowed by other applicable international agreement (Article 11), and other means as allowed by the internal laws of the destination State (Article 19). *See Water Splash Inc.*, 137 S. Ct. at 1508 (reviewing permitted service methods). "The legal sufficiency of a formal delivery of documents must be measured against some standard. The Convention does not prescribe a standard, so we almost necessarily must refer to the internal law of the forum state." *Schlunk*, 486 U.S. at 700. China formally objects to all methods of service identified under Article 10,

including service by mail.[1] The Hague Convention also prohibits service by website publication and service by e-mail here.[2] These service methods are not permitted under Article 19, because China's internal laws prohibit serving process by e-mail without a defendant's consent, and prohibit service by website publication unless a plaintiff has exhausted other means of service. *See* Art. 87 & Art. 92, Civil Procedural Law of the People's Republic of China (2017 Am.) ("P.R.C. Civil Procedure Law").[3] Further, under Article 277 of the P.R.C. Civil Procedure Law, "*no foreign* [non-P.R.C.] *agency or individual may serve documents . . .* within the territory of the People's Republic of China without the consent of the in-charge authorities of the People's Republic of China." *Id.* at Art. 277 (emphasis added); *Rockefeller Tech. Investments (Asia) VII v. Changzhou Sinotype Tech.Co., Ltd.*, 233 Cal. Rptr. 3d 814, 826 (Ct. App. 2018) (quoting the same Article under its pre-revision numbering [Article 261] with approval and taking judicial notice of the Article). Here, the foreign (non-Chinese) Plaintiff's unilateral attempt at serving process in a foreign civil proceeding on the Moving Defendant in China by direct e-mail and website publication – all without the consent of appropriate local

---

[1] *See* Official Website of the Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (re- printing China's formal opposition to "the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention"); *see also Mapping Your Future, Inc. v. Mapping Your Future Services, Ltd.*, 226 F.R.D. 305, 308 (D.S.D. 2009) ("[T]he court finds that sending acopy of a summons and complaint by [electronic] mail to a defendant in a foreign country is not a method of service of process permitted by the Hague Convention."). China's formal objection has been held valid. *See DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981), *cert. den.*, 454 U.S. 1085.

[2] Article 11 of the Hague Convention is inapplicable here because the U.S. and China have entered into no other treaty concerning the service of process. Plaintiffs' method of service also clearly does not fall under the scope of Articles 2-9 (*i.e.*, service by a central authority or by consular agents).

[3] 中华人民共和国民事诉讼法（1991 年 4 月 9 日第七届全国人民代表大会第四次会议通过 根据 2017 年 6 月 27 日第十二届全国人民代表大会常务委员会第二十八次会议《关于修改〈中华人民共和国民事诉讼法〉和〈中华人民共和国行政诉讼法〉的决定》第三次修正）。Accessible in original form on the official website of the National People's Congress of the People's Republic of China,http://www.npc.gov.cn/npc/xinwen/2017-06/29/content_2024892.htm.

8

authorities in the P.R.C. – amounts to precisely the type of "self-help" by a foreign party that Article 277 of the P.R.C. Civil Procedure Law would categorically prohibit.

"[T]he validity of service of a document abroad through postal channels depends first on the law of the forum. This is clearly confirmed by the history of the Convention negotiations." *Caterpillar Inc. v. Brington Indus. Ltd.*, 112CV01185SLDJAG, 2013 WL 11239258, at *4 (C.D. Ill. Sept. 27, 2013).[4] "[I]n permitting the utilization of postal channels provided the State of destination does not object, the draft convention did not intend to pass on the validity of this mode of transmission under the law of the forum state: *in order for the postal channel to be utilized, it is necessary that it be authorized by the law of the forum state.*" *Id.* at * 4-5 (emphasis added) (quoting 1 Bruno A. Ristau, *International Judicial Assistance* § 4-3-5 205 (rev. 2000)); *Brockmeyer v. May*, 383 F.3d at 804 (same). Because Plaintiffs' method of service is prohibited by the Hague Convention, it is insufficient under FED. R. CIV. P. 4(f)(3) and 12(b)(5).[5] Indeed, Courts in this district have found that objections to article 10(a) of the Hague convention preclude service by email:

> "This court is persuaded by the cases treating Rule 10(a) objections as precluding service by email. Because email would bypass the methods of service the Hague Convention authorizes, the Convention preempts it as inconsistent. *See Schlunk*, 486 U.S. at 698, 108 S.Ct. 2104. Suppose, as several cases conclude, that

---

[4] Quoting with approval Conclusions and Recommendations Adopted by the Special Commission on the Practical Operation of the Hague Apostille, Evidence and Service Conventions at 55 (Oct. 28 – Nov.4, 2003); Practical Handbook 202 (2006)).

[5] Under the Hague Convention's framework, China officially requires that "all documents and evidence to be served [in the P.R.C.] must be written in Chinese or that a translation in Chinese be attached thereto, unless there are contrary prescriptions in the mutual treaties between China and other ContractingStates of the Hague Convention." Hague Conference on Private International Law, China – Central Authority & Practical Information, https://www.hcch.net/en/states/authorities/details3/?aid=243. None of the documents purportedly served by the Plaintiffs were written in Chinese, or contained any attached translation in Chinese. Thus, even assuming proper service (which has not occurred here), the process itself is defective and/or insufficient under FED. R. CIV. P. 12(b)(4).

Article 10(a) treats email as a type of postal channel. If Article 10(a) uses language broad enough to reach email, it is difficult to see why an objection using Article 10(a)'s language should be given equal breadth. *See Elobied,* 299 F.R.D. at 108; *Mapping Your Future, Inc. v. Mapping Your Future Servs., Ltd*., 266 F.R.D. 305, 308 (D.S.D. 2009)

China's Article 10 objection embraces all forms of service the Article allows. China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention." China's objections are substantially in the form of objections which courts have determined prevent service by email. These include objections communicated by Switzerland, *see Elobied*, 299 F.R.D. at 108; Germany, *see Agha v. Jacobs*, 2008 WL 2051061, at *1–2 (N.D. Cal. May 13, 2008); and Mexico, *see Katz*, 287 F.R.D. at 396– 97. China's objections likewise preclude email service. *See also Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 515 n.2 (S.D.N.Y. 2013) (dictum suggesting that email service is not permissible in China)."

*LUXOTTICA GROUP S.P.A. and Oakley, Inc. v. The PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"* 391 F.Supp.3d 816, 827

Accordingly, Article 19 of the Hague convention does not apply as the internal laws of China forbid email and electronic service via website (Specifically article 277). Further, China's Article 10 objections prohibit service by postal and electronic mail.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant liyunshop respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

DATED this 28ᵗʰ day of June, 2021.

                                                 **Bayramoglu Law Offices, LLC**

                                                 */s/ Nihat Deniz Bayramoglu*
                                                 **NIHAT DENIZ BAYRAMOGLU**
                                                 1540 West Warm Springs Road, Suite 100
                                                 Henderson, NV 89014
                                                 T: (702) 462-5973
                                                 F: (702) 553-3404
                                                 deniz@bayramoglu-legal.com
                                                 *Attorneys for Defendant liyunshop*

## **<u>CERTIFICATE OF SERVICE</u>**

I, hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of June 2021 with a copy of this document via the Court's EM/ECF system.


By:    */s/ Nihat Deniz Bayramoglu*
NIHAT DENIZ BAYRAMOGLU, ESQ.