UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIAHART LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-8181 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Plaintiff filed this action alleging that Defendant liyunshop, among others, infringed on Plaintiff's active trademarks and copyrights for its "BRAIN FLAKES" line of products. Defendant moves to set aside the default judgment obtained against it and to dismiss Plaintiff's claims based on improper service and a lack of personal jurisdiction. For the reasons below, the Court grants Defendant's motion to set aside [57] and motion to dismiss [58].

## Background

This is one of the many cases in this district alleging counterfeit product sales on internet marketplaces like Amazon and eBay. Plaintiff owns trademarks and copyrights for its BRAIN FLAKES building toy products, which are interlocking plastic discs often sold in sets of 500 pieces. Plaintiff alleges that many defendants, including this specific Defendant, infringed on Plaintiff's active trademarks and copyrights by selling counterfeit products online. Defendant liyunshop, located in the People's Republic of China, operates an online store on Amazon.

On December 16, 2019, Plaintiff filed an *ex parte* motion for a temporary restraining order, temporary asset restraint, expedited discovery, and leave to issue service of process by email and/or electronic publication. The Court granted this motion on December 19, 2019. Under Federal Rule of Civil Procedure 4(f)(3), the Court permitted Plaintiff to serve the defendants by electronically publishing a link to the Complaint, the Court's order, and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Plaintiff's exhibits or provided to Plaintiff by third parties. Plaintiff executed service under this permitted means on January 14, 2020. After that, Plaintiff moved for a preliminary injunction, which the Court granted on January 16, 2020. Eventually, Plaintiff moved for default judgment as none of the defendants, including Defendant liyunshop, had appeared. The Court granted this motion against all defendants in Plaintiff's first amended schedule on August 5, 2020.

On June 28, 2021, Defendant filed an appearance through counsel and moved to set aside the default judgment and to dismiss Plaintiff's claims against it. Defendant contends that: (1) Plaintiff failed to serve it properly; and (2) this Court lacks personal jurisdiction over it and therefore must vacate the default judgment.

## Standard of Review

With respect to Defendant's motion to set aside, Rule 55(c) of the Federal Rules of Civil Procedure provides that "a court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In this case, the Court entered a final default judgment, so Rule 60(b) sets the standard for vacating it. Rule 60(b) allows a district court to relieve a party of a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;

2

>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A judgment is void and must be vacated if the court lacked personal jurisdiction over the defendants. *Relational, LLC v. Hodges*, 627 F.3d 668, 671 (7th Cir. 2010) ("[I]f the district court lacked personal jurisdiction over the defendant at the time it entered the default judgment, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that judgment."); *see also Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 859 (7th Cir. 2016) ("Under Federal Rule of Civil Procedure 60(b), a final judgment must be set aside if the court lacked personal jurisdiction."). "On a Rule 60(b)(4) motion, the defendant bears the burden of proving the court's lack of personal jurisdiction." *Philos Technologies, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 911 (7th Cir. 2015).

With respect to Defendant's other motion, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) "tests whether a federal court has personal jurisdiction over a defendant." *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015). When a court rules on a Rule 12(b)(2) motion based on the parties' submission of written materials without holding an evidentiary hearing, "the plaintiff need only make out a prima facie case of personal jurisdiction." *Id.* (internal quotation marks omitted). The Court takes all well-pleaded facts alleged in the complaint as true and resolves any factual disputes in the affidavits in the plaintiff's favor. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). When, however, the defendant "submits affidavits or other evidence in opposition, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (quoting *Purdue Research*

3

*Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003)). If the plaintiff fails to refute a fact contained in the defendant's affidavit, the Court accepts that fact as true. *Id.*

## Discussion

Defendant presents two arguments to set aside the default judgment and dismiss Plaintiff's claims: (1) Plaintiff improperly served it with deficient process; and (2) this Court lacks personal jurisdiction over it. Because the personal jurisdiction issue is dispositive of this case, the Court need not address Defendant's other argument.

The Lanham Act does not authorize nationwide service of process. *Mold-A-Rama Inc. v. Collector-Concierge-International*, 451 F. Supp. 3d 881, 889 (N.D. Ill. 2020). As such, the Court looks to the Illinois long-arm statute to determine whether it can exercise personal jurisdiction over Defendant. *Id.* This statute permits the exercise of jurisdiction to the full extent allowed by the Fourteenth Amendment's Due Process Clause. *Id.* (citing 735 ILCS 5/2-209(c); *Tamburo*, 601 F.3d at 700).

Personal jurisdiction can be general or specific. *See Tamburo*, 601 F.3d at 701. In this case though, Defendant contends that only specific jurisdiction arguably applies, and Plaintiff couches its response in the language of specific jurisdiction only. The Court, therefore, limits its analysis to whether it can exercise specific jurisdiction over Defendant.

To that end, specific jurisdiction exists where "(1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.* at 702. The Court must determine whether Defendant has "sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 700–01 (quoting *Int'l Shoe Co. v.*

4

*Washington*, 326 U.S. 310, 316 (1945)). In other words, "the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction." *Id.*

In this case, Defendant puts forth sufficient evidence that it has not directed any of its activities toward, or sold any allegedly infringing products to, residents of Illinois. Defendant supports its motion with an affidavit from its owner and corresponding documents showing that Defendant sold only one allegedly infringing product in Bethesda, Maryland. *See* [59]. Plaintiff, on the other hand, puts forth no evidence showing that Defendant sold any infringing products in Illinois. The only purported evidence Plaintiff marshals is a declaration from its chief executive officer opining that it is likely that Defendant shipped and sold goods to Illinois. The Court does not find this evidence credible or sufficient. Plaintiff points to no actual sale made in Illinois, even though it has access to Defendant's financial records as demonstrated by the exhibit attached to Plaintiff's response (Plaintiff attaches Defendant's sales on Amazon). *See* [76]. Nor does the Plaintiff explain how or what factors its witness considered to reach this conclusion.

In rebuttal, Plaintiff argues that Defendant's maintenance of an online interactive website suffices to establish personal jurisdiction. The Court disagrees. The Seventh Circuit states that a website's interactivity is a poor proxy for adequate in-state contacts. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) ("We have warned that '[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'") (citing *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011)). Indeed, Plaintiff's argument doesn't square with the Seventh Circuit's decree that maintaining a public website

5

accessible by Illinois residents, without more, is not enough to establish jurisdiction. *See Tamburo*, 601 F.3d at 701.

Plaintiff further argues that Federal Civil Procedure Rule 4(k)(2) allows the Court to exercise personal jurisdiction over Defendant. Rule 4(k)(2) allows for personal jurisdiction over a defendant if (1) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (2) exercising jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2). This rule focuses on whether the defendant contends that the plaintiff cannot sue him in the forum state and refuses to identify any other court where suit is possible. *Indag GmbH & Co. v. IMA S.P.A.*, 150 F. Supp. 946, 960 (7th Cir. 2015) (citing *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009)). That is not the case here because Defendant identifies a forum where it would be subject to jurisdiction: the District of Maryland, where Defendant made the only sale of the allegedly infringing product. Consequently, Rule 4(k)(2) does not apply here.

## Conclusion

For the reasons above, the Court grants Defendant's motion to set aside [57] and motion to dismiss based on a lack of personal jurisdiction [58]. The default judgment against Defendant liyunshop is vacated. Plaintiff's claims against Defendant liyunshop are dismissed without prejudice to filing those claims in the appropriate forum. Case remains terminated.

**SO ORDERED.**                                                     ENTERED: November 3, 2021

**HON. JORGE ALONSO**
**United States District Judge**