UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIAHART LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 CV 8181 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Plaintiff Viahart LLC filed a motion [78] under Rule 60(b)(6) of the Federal Rules of Civil Procedure to re-open this case and permit it to conduct limited jurisdictional discovery and for a stay of the Court's November 3, 2021 order. For the reasons below, the Court denies the motion.

## Background

This is an internet counterfeiting case. Viahart owns trademarks and copyrights for its BRAIN FLAKES building toy products, which are interlocking plastic discs often sold in sets of 500 pieces. It alleges that many defendants, including Defendant Liyunshop, infringed on its active trademarks and copyrights by selling counterfeit products online. Liyunshop, located in the People's Republic of China, operates an online store on Amazon.

Viahart filed its complaint against several alleged counterfeiters, mostly based in China, and obtained an *ex parte* temporary restraining order. Along with the TRO, the Court granted Viahart's request for an alternative means of service and expedited discovery from the defendants and third parties that operate online marketplaces (e.g., Amazon). After a short

extension of that order, Viahart obtained a preliminary injunction. After that, on August 5, 2020, Viahart obtained a default judgment against the defendants. None of the individual defendants, including Liyunshop, appeared before the default judgment to contest any aspect of the case.

On June 28, 2021, Liyunshop appeared and filed motions to set aside the default judgment and to dismiss for lack of personal jurisdiction, arguing that this Court did not possess personal jurisdiction over it because it had only made one sale of the allegedly infringing products in Bethesda, Maryland. The Court granted Liyunshop's motion and dismissed the claim against it based on a lack of personal jurisdiction. [77].

Viahart filed a motion to re-open under Fed. R. Civ. P. 60(b)(6) and to permit it to conduct limited jurisdictional discovery. In its motion, Viahart argues that justice requires re-opening this case to permit it to conduct limited jurisdictional discovery to find out if Liyunshop is subject to jurisdiction in this district. It argues that there was no fact-discovery phase in this case, that it would have been inefficient to conduct jurisdictional discovery for every distinct counterfeit defendant, and that jurisdictional discovery may uncover evidence to support the exercise of specific or general jurisdiction. Viahart also identifies two facts that it believes supports the exercise of jurisdiction: (1) eight sales of products (not the allegedly infringing products) to Illinois consumers by Liyunshop; and (2) that Liyunshop utilized Amazon's "Fulfillment By Amazon" program, which stores Liyunshop's products in Amazon's fulfillment centers located in Illinois and across the country for quick and easy delivery.

Liyunshop, on the other hand, argues that Viahart's motion merely rehashes its prior arguments related to the motion to dismiss. It argues that nothing about the facts of this case have changed, and that the Court granted Viahart's request for expedited discovery two years ago and yet still it cannot show any sales of the infringing products in Illinois. Liyunshop also disagrees

that a basis for general jurisdiction exists. In addition, Liyunshop filed a sur-reply in response to new arguments and attachments included in Viahart's reply—arguing that the Court should disregard both because Viahart made these claims for the first time in its reply brief.

## Discussion

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b)(6) requires the movant to establish that 'extraordinary circumstances' justify upsetting a final decision." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, –U.S.–, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

Most cases that qualify for Rule 60(b) relief involve "factual information that comes to light only after the judgment, and could not have been learned earlier." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). This is especially true for Rule 60(b)(6). *See Lowe v. McGraw–Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004) (describing a "typical" Rule 60(b)(6) as one in which "there is just no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry"). "A motion under Rule 60(b)(6) is addressed to the district court's discretion[.]" *Choice Hotels*, 792 F.3d at 754.

The Court finds that Viahart has not made the required showing of extraordinary circumstances necessary to upset this Court's prior decision. First, Viahart has not shown that the

evidence it now presents was previously unavailable to it, nor has it satisfactorily explained why, if it needs jurisdictional discovery to establish personal jurisdiction, it never sought it before now. Viahart claims that it was not an efficient use of resources to explore personal jurisdiction for all defendants (in total there were 47 defendants, but Viahart dismissed a number of these defendants during the case). Maybe so, but Viahart had every opportunity to present these arguments before now. It was put on notice of this potential jurisdiction issue as early as June of 2021 when Liyunshop filed its initial motions to set aside the default judgment and dismiss for lack of jurisdiction. Viahart filed a response to those motions on August 9, 2021, but it never presented any concrete evidence that Liyunshop made a sale of any product—much less a sale of the infringing products—in Illinois. Further, it never mentioned the absence of jurisdictional discovery in earlier proceedings or suggested that there was any need for it in order to establish jurisdiction over Liyunshop. In short, Viahart has not presented a valid reason for waiting until now to present these arguments and documents. *See Karraker v. Rent–A–Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (stating that Rule 60(b)(6) is not the "appropriate place to slip in arguments that should have been made earlier"). Even worse, Viahart attached some of its documents to its reply brief and made an entirely new argument that Liyunshop was somehow affiliated with other alleged counterfeiters. "A reply brief is for replying"—not for sandbagging. *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring); *Murphy v. Village of Hoffman Estates*, No. 95-cv-5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply").

Second, the Court is not persuaded that jurisdictional discovery would uncover evidence that Liyunshop is subject to jurisdiction in Illinois. A plaintiff must establish a colorable showing

4

of personal jurisdiction before a court permits jurisdictional discovery. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("Reimer"). Although this is a low bar, a court should deny a plaintiff's request if it's based on only unsupported assertions of personal jurisdiction or appears frivolous. *Id.* (citing *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 242 (N.D. Ind. 1998)); *see also Medline Indus., Inc. v. Diversey, Inc.*, No. 20-cv-4424, 2020 WL 5763637, at *4-5 (N.D. Ill. Sept. 28, 2020). Also, "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Reimer*, 230 F.3d at 946.

The record shows that Liyunshop made one sale of the infringing product in Maryland—and Viahart has not presented any evidence of other sales of infringing products in Illinois. Rather, Viahart's arguments are based on conjecture that Liyunshop's contacts might be sufficient to establish personal jurisdiction. But this is precisely the type of onerous discovery that the Seventh Circuit has cautioned against with respect to foreign nationals. *See Id.*

Moreover, the eight sales of other products that Viahart relies on are not relevant to the specific jurisdiction analysis. Rather the only sales relevant to that analysis are those related to the allegedly unlawful activities. *See Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). Indeed, in *Advanced Tactical*, the Seventh Circuit expressly rejected an approach like the one Viahart asks the Court to adopt here. *Id.* at 801-02. There, two companies were involved in a trademark dispute in the Northern District of Indiana. *Id.* at 799. The defendant argued that the court lacked personal jurisdiction over it because it did not have substantial connections to the forum state. *Id.* at 801. The Seventh Circuit agreed, noting that even though the defendant fulfilled a few orders of the allegedly infringing product, the plaintiff provided no evidence that those orders were connected to the litigation. *Id.*

5

The Seventh Circuit further stated that "[s]pecific jurisdiction must rest on the litigation-specific conduct of the defendant in the proposed forum state" and that the only sales relevant in the case were those related to defendant's allegedly unlawful activity. *Id.* So too here. The only sales relevant to the specific jurisdiction analysis are those related to Liyunshop's allegedly unlawful conduct—i.e., sales of the infringing product. But Viahart presents no such evidence.

Nor is the Court persuaded by Viahart's argument that discovery might unveil a basis for general jurisdiction. The bar for establishing general jurisdiction is a high one. *See Daimler AG v. Bauman*, –U.S.–, 134 S. Ct. 746, 753 (2014)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2857 (2011); *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.,* 552 F.3d 1324, 1330 (Fed. Cir. 2008). "General jurisdiction arises when a defendant maintains contacts with the forum state that are sufficiently 'continuous and systematic' even when the cause of action has no relation to those contacts." *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012); *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1410 (Fed. Cir. 2009). The Supreme Court identifies two "paradigm all-purpose forums for general jurisdiction" for a corporation: the state of the corporation's principal place of business or the state of its incorporation. *Daimler*, 134 S. Ct. at 760. Likewise, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 754, (quoting *Goodyear*, 131 S. Ct. at 2851); *Daimler*, 134 S. Ct. at 761 (explaining that the inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State"). The Supreme Court cautions against a widespread

approach though, stating that to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business…is unacceptably grasping." *Daimler*, 134 S. Ct. at 757 (citations and internal quotation marks omitted).

Nothing about the evidence presented suggests that Liyunshop is likely to be subject to general jurisdiction in Illinois. Viahart relies on the eight non-infringing product sales in Illinois and the fact that Liyunshop utilized Amazon's fulfillment centers located in Illinois. But these contacts do not establish that Liyunshop is essentially "at home" in Illinois. With respect to sales, the Supreme Court has stated that permitting a defendant's sales in the forum, even if sizable, to establish general personal jurisdiction would stretch the concept beyond reasonable limits. *Id.* at 760-62. Accordingly, the minimal sales here do not indicate that Liyunshop would be subject to general jurisdiction in Illinois.

Similarly, with respect to the fulfillment centers, the Court finds that these contacts are not enough to infer that Liyunshop is at home in Illinois. Amazon offers a "Fulfilled By Amazon" ("FBA") service to facilitate sales and shipment of goods for sellers. The FBA allows sellers to store products in Amazon's fulfillment centers located across the country so that when a product is ordered, it can be shipped directly from the center. Liyunshop utilizes this service, but it has no control where Amazon stores their products or where Amazon performs any of the fulfillment center services, did not ship any inventory directly to an Illinois fulfillment center, and does not own any of the fulfillment centers or employ anyone in those centers. What's more, Amazon can ship a seller's items to any warehouse across the country without the seller's input. In sum, this fact, without any other stronger contacts connecting Liyunshop to Illinois, is not enough to suggest Liyunshop might be subject to general jurisdiction here.

## Conclusion

For the reasons above, the Court denies Viahart's motion to re-open [78]. Civil case remains terminated.

**SO ORDERED.**                                    **ENTERED: April 4, 2022**

_____
**HON. JORGE ALONSO**
**United States District Judge**